UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO GONZALES,<br><br>        Petitioner,<br><br>   v.<br><br>J. HARTLEY, Warden,<br><br>        Respondent. | 1:11-cv−00083−LJO−SMS-HC<br><br>FINDINGS AND RECOMMENDATIONS<br>TO DISMISS THE PETITION FOR<br>FAILURE TO STATE A COGNIZABLE<br>CLAIM (Doc. 1)<br>AND TO DECLINE TO ISSUE<br>A CERTIFICATE OF APPEALABILITY<br><br>OBJECTIONS DEADLINE:<br>THIRTY (30) DAYS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304. Pending before the Court is the petition, which was filed on January 21, 2011.

I. Screening the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus.

1

1  The Court must summarily dismiss a petition "[i]f it plainly
2  appears from the petition and any attached exhibits that the
3  petitioner is not entitled to relief in the district court...."
4  Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.
5  1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.
6  1990).  Habeas Rule 2(c) requires that a petition 1) specify all
7  grounds of relief available to the Petitioner; 2) state the facts
8  supporting each ground; and 3) state the relief requested.
9  Notice pleading is not sufficient; rather, the petition must
10 state facts that point to a real possibility of constitutional
11 error.  Rule 4, Advisory Committee Notes, 1976 Adoption;
12 O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v.
13 Allison, 431 U.S. 63, 75 n.7 (1977)).  Allegations in a petition
14 that are vague, conclusory, or palpably incredible are subject to
15 summary dismissal.  Hendricks v. Vasquez, 908 F.2d 490, 491 (9th
16 Cir. 1990).

17      Further, the Court may dismiss a petition for writ of habeas
18 corpus either on its own motion under Habeas Rule 4, pursuant to
19 the respondent's motion to dismiss, or after an answer to the
20 petition has been filed.  Advisory Committee Notes to Habeas Rule
21 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43
22 (9th Cir. 2001).

23      Here, Petitioner alleges that he is an inmate of Avenal
24 State Prison who is serving a sentence of seventeen years to life
25 imposed in the Los Angeles County Superior Court after
26 Petitioner's conviction of murder and attempted murder.  (Pet.
27 9.)  Petitioner challenges the decision of the governor of
28 California made on May 3, 2010, to rescind the decision of the

2

Board of Parole Hearings that had been made on December 8, 2009, releasing Petitioner on parole.

It appears from Petitioner's allegations that he attended the parole hearing before the Board on December 8, 2009 (Pet. 14); he spoke to the Board about the commitment offense and a doctor's report (Pet. 14-15); and he was represented by counsel, who also attended the hearing, examined Petitioner, and argued on Petitioner's behalf (Pet. 15).  Petitioner alleges that the governor summarized his decision to rescind the decision to release Petitioner, and it may be inferred that Petitioner received the summary because Petitioner quoted from it in the petition.  (Pet. 16-17.)  The governor's summary indicates that his decision was based on the gravity of the crimes, Petitioner's failure to accept full responsibility for his murderous actions and lack of insight into his role in the offense, and the unreasonable risk of recidivism and violence that resulted therefrom.  (Pet. 17.)

Petitioner asks this Court to review whether there was some evidence to support the conclusion that Petitioner was unsuitable for parole because he posed a current threat of danger to the public if released.  (Pet. 10, 18.)  Petitioner raises three claims: 1) he did not receive an individualized consideration of the criteria for release on parole as set forth in state statutes and regulations, and thus he was denied due process of law under the California constitution as well as the Fourteenth Amendment (Pet. 2, 18-21); 2) there is no evidence to support the governor's conclusion that Petitioner was a current danger if released, and thus Petitioner was denied due process of law under

the Fourteenth Amendment as well as the California constitution (Pet. 22-32); and 3) the decision of the state superior court upholding the governor's decision was objectively unreasonable because it ignored facts that were contrary to the court's decision and thus proceeded in a manner inconsistent with California case law (Pet. 32-34).

   II.   <u>Failure to Allege a Claim Cognizable on Habeas Corpus</u>

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in this proceeding. <u>Lindh v. Murphy</u>, 521 U.S. 320, 327 (1997), <u>cert. denied</u>, 522 U.S. 1008 (1997); <u>Furman v. Wood</u>, 190 F.3d 1002, 1004 (9th Cir. 1999).

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3); <u>Williams v. Taylor</u>, 529 U.S. 362, 375 n.7 (2000); <u>Wilson v. Corcoran</u>, 562 U.S. -, -, 131 S.Ct. 13, 16 (2010) (per curiam).

The Supreme Court has characterized as reasonable the decision of the Court of Appeals for the Ninth Circuit that California law creates a liberty interest in parole protected by the Fourteenth Amendment Due Process Clause, which in turn requires fair procedures with respect to the liberty interest. <u>Swarthout v. Cooke</u>, 562 U.S. -, – S.Ct. -, 2011 WL 197627, *2 (No. 10-133, Jan. 24, 2011).

However, the procedures required for a parole determination are the minimal requirements set forth in <u>Greenholtz v. Inmates</u>

4

of Neb. Penal and Correctional Complex, 442 U.S. 1, 12 (1979).[1] Swarthout v. Cooke, 2011 WL 197627, *2.  In Swarthout, the Court rejected inmates' claims that they were denied a liberty interest because there was an absence of "some evidence" to support the decision to deny parole.  The Court stated:

> There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners.  (Citation omitted.) When however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication-and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal.  In Greenholtz, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied. (Citation omitted.)

Swarthout, 2011 WL 197627, *2.  The Court concluded that the petitioners had received the process that was due:

> They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied....
>
> That should have been the beginning and the end of the federal habeas courts' inquiry into whether

---

[1] In Greenholtz, the Court held that a formal hearing is not required with respect to a decision concerning granting or denying discretionary parole; it is sufficient to permit the inmate to have an opportunity to be heard and to be given a statement of reasons for the decision made. Id. at 16.  The decision maker is not required to state the evidence relied upon in coming to the decision. Id. at 15-16.  The Court reasoned that because there is no constitutional or inherent right of a convicted person to be released conditionally before expiration of a valid sentence, the liberty interest in discretionary parole is only conditional and thus differs from the liberty interest of a parolee. Id. at 9.  Further, the discretionary decision to release one on parole does not involve restrospective factual determinations, as in disciplinary proceedings in prison; instead, it is generally more discretionary and predictive, and thus procedures designed to elicit specific facts are unnecessary. Id. at 13.  In Greenholtz, the Court held that due process was satisfied where the inmate received a statement of reasons for the decision and had an effective opportunity to insure that the records being considered were his records, and to present any special considerations demonstrating why he was an appropriate candidate for parole. Id. at 15.

5

[the petitioners] received due process. Swarthout, 2011 WL 197627, *3. The Court in Swarthout expressly noted that California's "some evidence" rule is not a substantive federal requirement, and correct application of California's "some evidence" standard is not required by the federal Due Process Clause. Id. at *3.

Here, in his first claim, Petitioner seeks an individualized consideration of the criteria for release on parole as set forth in state statutes and regulations. However, due process of law requires only that Petitioner have an opportunity to be heard; it does not require any specific degree of individualized consideration.

To the extent that this claim rests on state law, it is not cognizable on federal habeas corpus. Federal habeas relief is not available to retry a state issue that does not rise to the level of a federal constitutional violation. Wilson v. Corcoran, 562 U.S. — , 131 S.Ct. 13, 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Alleged errors in the application of state law are not cognizable in federal habeas corpus. Souch v. Schiavo, 289 F.3d 616, 623 (9th Cir. 2002).

Accordingly, Petitioner's first claim does not state a violation of due process of law or other basis for habeas relief.

Petitioner argues in his second claim that the absence of some evidence to support the governor's conclusion that Petitioner was a current danger violated his right to due process of law. However, Petitioner does not state facts that point to a real possibility of constitutional error or that otherwise would entitle Petitioner to habeas relief because California's "some

6

evidence" requirement is not a substantive federal requirement. Swarthout, 2011 WL 197627, *3.  Review of the record for "some evidence" to support the denial of parole is not within the scope of this Court's habeas review under 28 U.S.C. § 2254.

In Petitioner's third claim, he alleges that the decision of the state superior court upholding the governor's decision was objectively unreasonable because it was contrary to California case law.  This claim is not cognizable in habeas corpus because it is predicated on state law.  To the extent that Petitioner's claim rests on state law, Petitioner's claim must be dismissed.

To the extent that Petitioner attempts to argue a violation of the Federal Constitution's Due Process Clause, the preceding analysis applies, and the claim is foreclosed.

The Court notes that Petitioner does not allege that the procedures used in determining his suitability for parole were deficient because of the absence of either an opportunity to be heard or a statement of reasons for the ultimate decision reached.  However, the Court further notes that Petitioner attended the parole hearing before the Board, made a statement to the Board, and was represented by counsel who was present at the hearing, examined Petitioner, and argued on Petitioner's behalf. Petitioner received a statement of the Board's reasons for recommending parole.  Further, after the governor reviewed the materials and decision, Petitioner received the governor's statement of reasons.  (Pet. 15).  It appears from the face of the petition that Petitioner was not denied parole without the requisite due process of law.

Accordingly, it will be recommended that the petition be

dismissed for the failure to allege facts that point to a real possibility of constitutional error or that would otherwise entitle Petitioner to habeas relief.

### III. Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not

necessary for an applicant to show that the appeal will succeed. <u>Miller-El v. Cockrell</u>, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, the Court should decline to issue a certificate of appealability.

IV.   <u>Recommendation</u>

Accordingly, it is RECOMMENDED that:

1) The petition for writ of habeas corpus be DISMISSED because Petitioner has failed to state a claim cognizable on habeas corpus; and

2) The Court DECLINE to issue a certificate of appealability; and

3) The Clerk be DIRECTED to close the action because this order terminates the proceeding in its entirety.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served

and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated: January 26, 2011** /s/ Sandra M. Snyder
UNITED STATES MAGISTRATE JUDGE